UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>GLENN ROBBINS, et al.,    )<br>)<br>Defendants.    ) | Docket no. 2:22-cr-00012-GZS |

ORDER ON DEFENDANT JASON PARENT'S
MOTION FOR A BILL OF PARTICULARS

Before the Court is Defendant Jason Parent's Motion for a Bill of Particulars (ECF No. 135). Having considered Defendant's Motion and the Government's Response (ECF No. 162), as well as the related developments on the docket, the Court DENIES the Motion.

A defendant may seek a court order directing the Government to file a bill of particulars in accordance with Federal Rule of Criminal Procedure 7(f). "Bills of particulars are designed to provide sufficient additional detail to enable an accused to mount an adequate defense, avoid double jeopardy, and prevent surprise at trial." United States v. Negron Gil de Rubio, 92 F.3d 1169, 1169 (1st Cir. 1996). When a defendant seeks a bill of particulars, the Court considers "whether the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise." Wright & Miller, 1 Fed. Prac. & Proc. Crim. § 130 (4th ed.). A motion for bill of particulars "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993).

In this case, Defendant is charged with conspiracy in violation of 18 U.S.C. § 371. Count One of the Indictment alleged a conspiracy, between June 2016 and September 2019, to: (1)

"defraud the United States by interfering with and obstructing, by deceitful and dishonest means, a lawful function of" the National Oceanic and Atmospheric Administration ("NOAA"), "namely, the collection, evaluation, and analysis of biological, economic, and catch data"; and (2) "defraud NOAA and the State of Maine of fish and the fair market value thereof . . . by means of materially false and fraudulent pretenses and representations" and, for the purpose of executing such scheme, to place matter in the mail in violation of 18 U.S.C. § 1341.  (ECF No. 1, PageID # 5.)  After Defendant filed the instant Motion, he was charged in a Superseding Indictment (ECF No. 140).  Count One of the Superseding Indictment alleges only the first of the two fraudulent schemes alleged in the Indictment; as such, it does not allege a conspiracy to commit mail fraud.  (See Sup. Indict. (ECF No. 140), PageID #s 390-91.)

Defendant's Motion challenges the sufficiency of the Indictment (ECF No. 1) on two bases: (1) in alleging "criminal activity from the dates of June 2016 and September 2019," the Indictment "make[s] it impossible for Mr. Parent to account for his activities over a three and one-half year period"; and (2) the Indictment does not "explain Mr. Parent's specific role in the existence of a conspiracy and his knowledge and participation therein."  (ECF No. 135, PageID #s 378-79.)  His Motion requests that the Government "set[] forth each affirmative act by Mr. Parent that the Government contends was his specific complacency in the conspiracy, the approximate date of that action, and, to the extent that his act including falsity, [] the Government identify the false statement."  (Id., PageID # 380.)  To the extent Defendant seeks clarification of the conspiracy to commit mail fraud, alleged in the Indictment but not the Superseding Indictment, that request is now moot.

With respect to Defendant's first argument, the Court notes that indictments have previously been held to be sufficient where they did not even allege any precise time period for

the conspiracy. See, e.g., United States v. Paiva, 892 F.2d 148, 154-55 (1st Cir. 1989). Here, the Superseding Indictment alleges that the conspiracy began "in about June 2016 and continu[ed] through September 2019," that a few of his co-conspirators mailed or e-mailed false reports on numerous specified dates during that time frame, and that Defendant "received at least one payment representing the proceeds of unreported Atlantic herring" "[b]etween June 2017 and October 2017." (Sup. Indict., PageID #s 390, 394.) These "temporal specifications" sufficiently allow Defendant to prepare a defense. See Paiva, 892 F.2d at 155; see also United States v. Hallock, 941 F.2d 36, 41 (1st Cir. 1991) ("[T]he absence of a statement of the precise dates and locations of [overt] acts does not necessarily render the indictment impermissibly vague."); United States v. Flaharty, 295 F.3d 182, 198 (2d Cir. 2002) (finding indictment sufficient where it charged felony violations of 18 U.S.C. §§ 841(a)(1) and 860 over a six-year span); United States v. Edwards, No. CR 07-297 (DWF/JSM), 2008 WL 11295898, at *3 (D. Minn. June 13, 2008) (concluding indictment was sufficient where it alleged a conspiracy "from 1990 through August of 2007" without specific dates of defendant's overt acts), aff'd sub nom. United States v. Bowie, 618 F.3d 802 (8th Cir. 2010).

With respect to Defendant's second argument, the Court refers to and incorporates here the discussion in its Order on Defendants' Motions to Dismiss (ECF No. 218), finding Count One of the Superseding Indictment sufficient as to, among others, Defendant Parent. Put simply, Count One informs Defendant that he is accused of conspiring to defraud the United States by obstructing NOAA's lawful functioning, the timeframe of his alleged culpable conduct, where such conduct took place, the names of several co-conspirators, and the means by which he and the co-conspirators allegedly carried out the conspiracy. The Government's Opposition to Defendants' Motions to Dismiss provides further clarification as to the details of the alleged conspiracy. (See

generally ECF No. 123.)  Additionally, the Government has represented with respect to Defendant Parent that "[d]iscovery includes the specific checks made payable to" him and that it "expects to prove that [he] received a share of illegal payments to the crew, regardless of the named payee on the particular check."  (ECF No. 162, PageID # 499 n.1.)  Count One of the Superseding Indictment, along with the Government's discovery and filings in this case, is therefore sufficient to allow Defendant "to mount an adequate defense, avoid double jeopardy, and prevent surprise at trial."  See Negron Gil de Rubio, 92 F.3d at 1169; see also United States v. Ben Zvi, 242 F.3d 89, 98 (2d Cir. 2001) (finding defendants' "knowing receipt" of conspiratorial proceeds sufficient to satisfy overt act requirement); United States v. Berroa, 856 F.3d 141, 154 (1st Cir. 2017) ("[T]he government need not show that . . . the conspirators knew all of the details of the conspiracy or participated in every act in furtherance of the conspiracy." (citation omitted)).

For the foregoing reasons, the Court hereby DENIES Defendant Jason Parent's Motion for a Bill of Particulars (ECF No. 135).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 26th day of January, 2023.